**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**CERLY GLEYCE DE SOUZA MOITA**            **CASE NO.  3:26-CV-01460 SEC P**

**VERSUS**                                                            **JUDGE ROBERT R. SUMMERHAYS**

**GARRETT J. RIPA, ET AL.**                           **MAGISTRATE JUDGE PEREZ-MONTES**

**ORDER**

Cerly Gleyce de Souza Moita filed this petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on December 2, 2025, in the United States District Court, Southern District of Florida, "seeking immediate relief from her ongoing and unlawful detention by U.S. Immigration and Customs Enforcement (ICE)."[1] At the time of filing, Petitioner was detained in the Broward Transitional Center in Pompano Beach, Florida.[2] Petitioner names four respondents, including the Warden of the Broward County Transitional Center, who Petitioner states is her "immediate custodian."[3] Petitioner was subsequently moved to the Richwood Correctional Center, in Richwood, Louisiana, which is located within the Western District of Louisiana.[4] On May 4, 2026, Petitioner filed an Emergency Motion for Temporary Restraining Order.[5] On May 5, 2026, the habeas petition and motion for temporary restraining order were transferred to this Court on the basis that Petitioner's current district of confinement is the Western District of Louisiana.[6]

---

[1] ECF No. 1 at 1.
[2] *Id.* at 3.
[3] ECF No. 7 at 5.
[4] ECF No. 26.
[5] ECF No. 25.
[6] ECF No. 26.

This Court lacks jurisdiction over this matter. At the time she filed the instant petition, Petitioner was confined in the Broward Transitional Center in Pompano Beach, Florida, located within the jurisdictional boundaries of the Southern District of Florida.[7] "Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change."[8] Jurisdiction is proper in the United States District Court for the Southern District of Florida because that is where Petitioner was detained when she originally filed her petition. Accordingly,

The Clerk of Court is ORDERED to transfer the present case to the United States District Court, Southern District of Florida, pursuant to 28 U.S.C. § 1631.

THUS DONE in Chambers on this 7th day of May, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[7] *See* 28 U.S.C. § 89(c).

[8] *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (collecting cases); *see also McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978) (precedential in the Eleventh Circuit, *see Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981)); *Ex parte Endo*, 323 U.S. 283, 304–06 (1944); *McGuire-Mollica v. Warden FPC Marianna*, 5:24-CV-288-AW-MAL, 2025 WL 2842383, at *1 (N.D. Fla. Oct. 7, 2025); *Gayle v. Meade*, 614 F.Supp.3d 1175, 1208 (S.D. Fla. 2020).