UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:26-cv-61374-LEIBOWITZ

CERLY GLEYCE DE SOUZA MOITA,

    *Petitioner,*

*v.*

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

    *Respondents.*

_____/

## ORDER

**THIS CAUSE** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1], filed on December 2, 2025.  At the time the Petition was filed, Petitioner was detained at the Broward Transitional Center in Broward County, Florida.  [*Id.* ¶ 9].  Thereafter, Petitioner was removed from the United States, and the Court dismissed the Petition as moot.  [ECF No. 14].  On May 5, 2026, Petition filed an Emergency Motion for Temporary Restraining Order [ECF No. 25] ("TRO Motion"), seeking immediate release from the Richland Correctional Center, Richland, Louisiana where she is presently detained.  [ECF No. 25].[1]  On May 11, 2026, Petitioner filed a Second Emergency Motion [ECF No. 33].

The Court thus **ORDERS** Respondents to brief the following **within 10 days** of the date of this Order: (1) this Court's jurisdiction to resolve the Petition [ECF No. 1] and the Motion [ECF No. 33]; and (2) where jurisdiction lies, the merits of the Petition <u>and</u> the Motion [ECF No. 33].

---

[1] This Court transferred the Petition and the TRO Motion to the Western District of Louisiana where Petitioner is now detained [ECF No. 26], and the Western District transferred the Petition and the TRO Motion back to this District on May 7, 2026 [ECF No. 30].

It is **FURTHER ORDERED** that any removal proceedings to which Petitioner is now or may be subjected shall be **ADMINISTRATIVELY STAYED** pending the resolution of the Petition. Respondent **SHALL NOT** transfer or remove Petitioner outside of the geographical boundaries of the United States during the pendency of these proceedings and until further Order of this Court.

1. Respondent shall *either* (1) provide Petitioner an individualized bond hearing, consistent with 8 U.S.C. § 1226(a), within seven (7) days of the entry of this Order, or otherwise release Petitioner; *or* (2) show cause in writing justifying Petitioner's detention and shall produce a copy of the full record of Petitioner's arrest, detention, removal proceedings, and any other documents necessary for the resolution of the Petition **no later than May 27, 2026**. *See* 28 U.S.C. § 2243 (stating that a response to an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

   a. If Respondent chooses to provide Petitioner an individualized bond hearing, Petitioner must be afforded a meaningful opportunity to prepare for and attend the bond hearing. No less than 72 hours prior to the time the bond hearing is set to commence, Respondent shall notify Petitioner's counsel that a bond hearing has been scheduled, which notice shall include the time, date, and location of the bond hearing and shall apprise counsel of any procedural requirements that must be satisfied in order to appear on behalf of Petitioner at the bond hearing.

   b. If Respondent elects to show cause, Respondent's brief shall set forth the factual and legal reasons why this case is distinguishable from other cases in which bond hearings have been granted. Petitioner may, but is not required to, file a reply to Respondent's response **no later than May 29, 2026**.

**DONE AND ORDERED** in the Southern District of Florida on May 20, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record